[No. 32344. Department Two. March 20, 1953.]

*In the Matter of the Application for a Writ of Habeas Corpus of* WILLIS MULLINS, *Petitioner,* v. JOHN R. CRANOR, *as Superintendent of the State Penitentiary, Respondent.*[1]

*Don G. Abel,* for petitioner.

*The Attorney General* and *Cyrus A. Dimmick, Assistant,* for respondent.

FINLEY, J.—The petitioner, Willis Mullins, shot his wife, Patricia Mullins, and his father-in-law, Ray Mannin, with a rifle. The two crimes were committed almost simultaneously, at the same location and with the same weapon. Initially, one information was filed. It contained two counts. Each related to the shooting of one of the aforementioned individuals and charged assault in the first degree. Thereafter, one count of the original information was dismissed, and a separate information—covering the offense charged in the count that was dismissed—was filed. Petitioner was convicted by a jury of assault in the first degree, in cause No. 1924, Lewis county. He pleaded guilty to assault in the first degree in cause No. 1941, Lewis county.

In cause No. 1924, petitioner was sentenced to confinement in the state penitentiary for not less than five years and not more than twenty years. The judgment provided that the sentence would run concurrently with the sentence

[1] Reported in 254 P. (2d) 1038.

in cause No. 1941. In the latter cause, petitioner was sentenced to confinement in the state penitentiary for not less than five years and not more than twenty years; the judgment therein provided that the sentence would run concurrently with the sentence imposed in cause No. 1924.

On July 31, 1951, the board of prison terms and paroles fixed the duration of petitioner's confinement at three years, relative to cause No. 1924; and at two years, relative to cause No. 1941; and ordered that the periods of confinement would run consecutively. Thereafter, on September 25, 1951, the board revoked its order of July 31, 1951, and ordered that petitioner would be confined for a period of five years, on cause No. 1924; and for a period of seven and one-half years, on cause No. 1941; further providing that the two periods of confinement would run consecutively.

As the basis for granting a writ of *habeas corpus,* the petioner contends, (a) that the judgments of the superior court in each of the above-mentioned causes provided that the sentences imposed therein would run concurrently; consequently, that the board had no authority to order that the periods of confinement, fixed as to each sentence, would run consecutively; (b) that the board, after once fixing the periods of confinement in the order of July 31, 1951, had no authority to revoke such order or to enter the order of September 25, 1951, purportedly changing and extending the periods of confinement of the petitioner; (c) that the board had no authority to enter the order of September 25, 1951, thereby purportedly imposing upon petitioner a period of confinement greater than the minimum sentence provided by law. Lastly, it is contended that, in any event, the petitioner was not accorded a fair hearing in connection with the revocation of the order of July 31, 1951, and the promulgation of the order of September 25, 1951.

On our own motion, we note that RCW 9.92.080 provides as follows:

"Whenever a person is convicted of two or more offenses before sentence has been pronounced for either, the imprisonment to which he is sentenced upon the second or other subsequent conviction shall commence at the termi-

nation of the first or other prior term or terms of imprisonment to which he is sentenced; and whenever a person while under sentence of felony commits another felony and is sentenced to another term of imprisonment, such latter term shall not begin until the expiration of all prior terms: *Provided,* That whenever a person is convicted of two or more offenses set forth as separate counts in one indictment or information the court may, in pronouncing sentence, provide that sentences therefor shall run concurrently."

We have also noted *In re Grieve v. Smith,* 26 Wn. (2d) 156, 173 P. (2d) 168, construing the above-quoted statute.

It appears to us that the superior court overlooked the provisions of the above-quoted statute in sentencing petitioner in the two causes heretofore mentioned. In fixing the period of confinement, the board was faced with a dilemma. It could attempt to follow the sentences as imposed by the trial court, or it might follow RCW 9.95.040, which, in part, reads as follows:

"Within six months after the admission of a convicted person to the penitentiary or the reformatory, the board of prison terms and paroles shall fix the duration of his confinement. The term of imprisonment so fixed shall not exceed the maximum provided by law for the offense of which he was convicted or the maximum fixed by the court where the law does not provide for a maximum term.

"The following limitations are placed on the board of prison terms and paroles with regard to fixing the duration of confinement in certain cases, notwithstanding any provisions of law specifying a lesser sentence, to wit:

"(1) For a person not previously convicted of a felony but armed with a deadly weapon either at the time of the commission of his offense, or a concealed deadly weapon at the time of his arrest, the duration of confinement shall not be fixed at less than five years.

"(2) For a person previously convicted of a felony either in this state or elsewhere and who was armed with a deadly weapon at the time of the commission of his offense, or a concealed deadly weapon at the time of his arrest, the duration of confinement shall not be fixed at less than seven and one-half years. . . ."

It is not necessary to decide whether the board acted properly in attempting to follow the provisions of RCW

9.95.040, by issuing the order of September 25, 1951. Neither is it necessary to consider the contentions raised in this matter by petitioner, as enumerated hereinbefore.

■ The superior court erred in specifying, contrary to the provisions of RCW 9.92.080, that the sentences in the two cases here involved should run concurrently. However, the invalid provisions are separable from other provisions of the judgments. Consequently, the invalidity of those provisions of the judgments specifying that the sentences should run concurrently does not affect other provisions of the judgments. *State v. Luke, ante* p. 260, 254 P. (2d) 718.

Construing the judgments in the manner indicated, sustains the order of the board of prison terms and paroles, dated July 31, 1951. The petitioner is not entitled to the relief requested, and it is so ordered.

The writ is denied.

GRADY, C. J., SCHWELLENBACH, DONWORTH, and WEAVER, JJ., concur.