[No. 32699. Department One.   January 7, 1954.]

THE STATE OF WASHINGTON, *on the Relation of Ben F. Mason,*
*Plaintiff,* v. THE SUPERIOR COURT FOR SPOKANE COUNTY,
*Raymond F. Kelly, Judge, Respondent.*[1]

*Ben F. Mason, pro se.*

*Hugh H. Evans* and *John J. Lally,* for respondent.

PER CURIAM.—This matter comes before this court on an alternative writ of mandate.

On June 12, 1939, petitioner was sentenced from King county to the state penitentiary for a term of fifteen years upon his plea of guilty to a charge of grand larceny.  He was released from the penitentiary by the board of prison terms and paroles, and given a discharge from parole supervision on July 13, 1949.

Thereafter, he was charged by the prosecuting attorney of Spokane county with the crime of forgery, on four counts, committed while on parole, and was sentenced on March 11, 1950, to a maximum term of twenty years on each count, to

'Reported in 265 P. (2d) 253.

to be served concurrently. The sentence made no reference to the prior sentence.

Petitioner invokes RCW 9.92.080 [*cf.* Rem. Rev. Stat., § 2285], which reads, *inter alia*:

" . . . whenever a person while under sentence of felony commits another felony and is sentenced to another term of imprisonment, such latter term shall not begin until the expiration of all prior terms: . . . "

Petitioner contends for a construction of the statute which would require that he be resentenced by the superior court of Spokane county for his latter offense, so that incarceration for it would not start until the expiration of his previous fifteen-year-maximum sentence for grand larceny.

■ We think the legislature could not have intended such a result. Obviously, the service of a second sentence need not be delayed beyond an offender's release from a former sentence. The statute in question should be interpreted as if the italicized words were added:

" . . . whenever a person while under sentence of felony commits another felony and is sentenced to another term of imprisonment, such latter term shall not begin until the expiration of *incarceration under* all prior terms . . . " (Italics ours.)

To hold otherwise would permit an offender to remain at large, unless his parole was revoked, for an extended period before incarceration for latter offenses could begin.

Petitioner was not incarcerated on the former offense at the time of sentence for the latter offense. The record does not show that the trial court had notice that the board of prison terms and paroles had revoked petitioner's parole or intended to do so. The judgment and sentence was therefore valid at the time it was imposed.

■ It is beyond the power of the board of prison terms and paroles to affect a judgment and sentence of a superior court, valid at the time it was imposed, by any subsequent action of its own. *In re Scott v. Callahan,* 39 Wn. (2d) 801, 239 P. (2d) 333. Petitioner's sentence started forthwith, and the judgment and sentence are valid.

The petition for the writ is denied.