[No. 32681. Department Two. January 7, 1954.]

*In the Matter of the Application for a Writ of Habeas Corpus of* LYNN DELANO, *Petitioner,* v. JOHN R. CRANOR, *as Superintendent of the State Penitentiary, Respondent.*[1]

*Lynn DeLano, pro se.*

[1]Reported in 265 P. (2d) 263.

*The Attorney General* and *Cyrus A. Dimmick, Assistant,* for respondent.

GRADY, C. J.—This case is before the court upon the petition of Lynn DeLano for the issuance of a writ of *habeas corpus* and the answer and return thereto filed by the warden of the state penitentiary. DeLano will be referred to as petitioner, Cranor as respondent, and the board of prison terms and paroles as the Board.

The record shows that on March 5, 1936, the petitioner was sentenced to the state penitentiary for a maximum term of fifteen years. On November 13, 1936, the Board fixed his minimum term at fifteen years. On·July 22, 1936, petitioner was convicted of the crime of·forgery and also was found by a jury to be an habitual criminal. On October 5, 1936, petitioner was given a life sentence upon the forgery conviction.

On June 11, 1947, chapter 92, Laws of 1947, p. 594, became effective. This act amended the act of 1935 relating to the board of prison terms and paroles. Subd. (c) of § 2 of the amendatory act authorized the Board to fix a minimum term of confinement in a penal institution for those who were under life sentences as habitual criminals at not less than fifteen years. The act of 1935 was further amended by adding thereto a new section reading as follows:

"Section 2-A. The provisions of this act as amended, so far as applicable, shall apply to all convicted persons now serving time in the penitentiary or reformatory, to the end that at all times the same provisions relating to sentences, imprisonments, and paroles of prisoners shall apply to all inmates thereof; and the Board of Prison Terms and Paroles shall proceed within a reasonable time to determine minimum sentences for persons convicted of being an habitual criminal within the meaning of the statute which provides for mandatory life imprisonment for such habitual criminals, taking into consideration time already served by such habitual criminals."

Although the amendment provided that the Board should proceed within a reasonable time to determine minimum sentences for persons convicted of being habitual criminals,

the Board did not act upon the case of petitioner until January 26, 1948, when it fixed the minimum term of petitioner's life sentence at fifteen years "to begin March 4, 1946."

The question for our determination is whether the minimum term of the life sentence should have commenced to run from October 5, 1935—this being the date of judgment and sentence—or March 4, 1946, as fixed by the Board. We gather from the action of the Board that it considered RCW 9.92.080 applicable. This statute reads as follows:

"Whenever a person is convicted of two or more offenses before sentence has been pronounced for either, the imprisonment to which he is sentenced upon the second or other subsequent conviction shall commence at the termination of the first or other prior term or terms of imprisonment to which he is sentenced; and whenever a person while under sentence of felony commits another felony and is sentenced to another term of imprisonment, such latter term shall not begin until the expiration of all prior terms: . . . ."

Petitioner committed forgery December 5, 1935, and committed grand larceny about six days later. The informations charging both offenses were filed December 19, 1935. Petitioner was convicted on the grand larceny charge February 28, 1936, and sentenced March 5, 1936. On July 18, 1936, an amended information was filed upon the forgery charge. He was convicted on such charge and found to be an habitual criminal July 22, 1936. The sentence was imposed October 5, 1936. It will thus be seen that neither part of the foregoing statute applies to petitioner. He was not convicted of two offenses before sentence had been pronounced for either of them, nor did he commit a felony while under sentence for another felony.

Section 2, chapter 114, p. 310, Laws of 1935 (§ 2, chapter 92, p. 596, Laws of 1947 [cf. RCW 9.95.060]), provides as follows:

"When a convicted person appeals from his or her conviction and is at liberty on bond pending the determination of his or her appeal by the supreme court, credit on his or her sentence will begin from the date of the remittitur. In

all other cases, credit on a sentence will begin from the date the judgment and sentence is signed by the court."

■ This statute applied to the petitioner, and by its provisions his term for the grand larceny conviction commenced to run March 5, 1936, and the life sentence on the forgery charge commenced to run October 5, 1936. There was no question of sentences running consecutively involved. From March 5, 1936, to October 5, 1936, the sentence on the grand larceny charge ran alone, but from the latter date it ran concurrently with the life sentence until the former expired. The Board fixed a minimum term of fifteen years on the grand larceny conviction, which would expire, if time for good behavior was earned and granted, in ten years. The Board was not authorized to fix a minimum term of the life sentence until June 11, 1947. When fixing such minimum term, it had no authority to defer its commencement beyond October 5, 1936, the date of the sentence. The action of the Board in deferring the commencement of the minimum term to March 4, 1946, was erroneous.

■ Petitioner is not entitled to be discharged from the custody of respondent, but he is entitled to have his minimum term fixed by the Board to commence as of October 5, 1936, and to terminate at such time as it may deem proper.

The application of petitioner for a writ of *habeas corpus* in so far as it seeks his discharge from custody is denied.

SCHWELLENBACH, HAMLEY, DONWORTH, and FINLEY, JJ., concur.