[No. 32603. Department One. February 26, 1954.]

THE STATE OF WASHINGTON, *Respondent,* v. DONALD ROFF, *Appellant.*[1]

[1]Reported in 266 P. (2d) 1059.

310

*Donald Roff, pro se.*

*Maloy Sensney* and *Herbert H. Davis,* for respondent.

OLSON, J.—This is an appeal from an order denying defendant's motion to vacate the judgment and sentence in a criminal case.

Defendant was charged by information with two counts of the crime of incest, allegedly committed upon his daughter, twelve years of age. October 23, 1952, he entered a plea of guilty to both counts. On motion of the state, and with defendant's expressed consent, he then was sent to the Eastern State Hospital to determine whether or not he was a sexual psychopath. The report of the hospital was negative, and, upon defendant's return to the trial court, November 20, 1952, he was sentenced for the crimes charged. On both of these appearances in court, defendant was represented by counsel of his own selection.

March 13, 1953, defendant moved to vacate the judgment and sentence. His purpose was to obtain leave to withdraw his plea of guilty and enter a plea of not guilty to the information. He contends that he did not plead guilty with the intention of admitting his guilt, but for the sole purpose of permitting his examination at Eastern State Hospital, upon his understanding that he could not have that examination unless such a plea were entered. His motion was supported by affidavits, and controverting affidavits were submitted by the state.

RCW 4.72.010 *et seq.* [*cf.* Rem. Rev. Stat., §§ 464, 466 *et seq.*] provide for the vacation of judgments generally, and it is well established that, upon a motion to vacate,

". . . the judgment, unless absolutely void, is entitled to every reasonable intendment in its favor and will not be set aside except upon a clear showing of irregularity or fraud in its procurement and a tender and adjudication of a *prima facie* defense on the merits. [Citing cases.]

"When the court has exercised its discretion upon a motion to vacate a judgment and sentence, that discretion will not be disturbed, on appeal, in the absence of a showing of abuse thereof. [Citing a case.]" *State v. McKeen,* 186 Wash. 127. 132, 56 P. (2d) 1026 (1936), and cases cited. See *State v. Cowan,* 25 Wn. (2d) 341, 344, 170 P. (2d) 653 (1946).

Upon his arraignment, defendant stated, in reply to inquiries by the court, that his plea of guilty was entered after consulting with counsel, and was done of his own free will, unmoved by any coercion or promises. He did not ask to withdraw this plea then or at the hearing when sentence was imposed. His statements on the latter occasion, to the effect that he had no recollection of committing the offenses and that he thought he had to plead guilty to go to the state hospital, were followed by statements by the prosecuting attorney regarding the facts of the offenses. There was no denial of these facts by defendant, and his statements cannot be taken to be a request to change his plea. The court could well have considered that they were offered only for the purpose of obtaining leniency, and not as disavowals of guilt. See *State v. Rose,* 42 Wn. (2d) 509, 515, 256 P. (2d) 493 (1953).

■ Defendant does not show any irregularity or fraud in the procurement of the judgment against him. Because he has failed to establish the first essential to the success of his motion, it is unnecessary for us to consider whether or not he has tendered a *prima facie* defense on the merits. RCW 4.72.060 [cf. Rem. Rev. Stat., § 470].

■ The trial court considered the motion upon affidavits and written argument. The respective contentions of defendant and of the state were presented clearly. The proceedings upon defendant's arraignment and sentence also were before the court. No right of defendant was violated,

nor was he prejudiced because of his inability to appear personally or by counsel to argue the motion.

We find no abuse of discretion by the trial court, and the order appealed from is affirmed.

GRADY, C. J., MALLERY, HAMLEY, and FINLEY, JJ., concur.

