[No. 33577. Department Two. May 24. 1956.]

*In the Matter of the Application for a Writ of Habeas Corpus of* WILLIAM C. ASHLEY, *Petitioner,* v. LAWRENCE DEL-MORE, JR., *as Superintendent of the State Penitentiary, Respondent.*[1]

[1]Reported in 297 P. (2d) 958.

*Wm. C. Ashley, pro se.*

*The Attorney General* and *Michael R. Alfieri, Assistant,* for respondent.

HILL, J.—William C. Ashley petitions for a writ of *habeas corpus.* He was sentenced June 15, 1939, to not more than twenty years in the Washington state reformatory for first-degree forgery. June 19, 1939, while awaiting transportation to the reformatory, he escaped from the Benton county jail. Upon being recaptured, he entered a plea of guilty to an information charging that he "did, by force, escape from the said Benton County jail," he then and there

". . . being in the lawful custody of the sheriff of Benton County, Washington and being then and there convicted and under sentence for the crime of forgery and awaiting transportation to the State Prison, under such sentence."

He was sentenced June 22, 1939, to not more than twenty years in the state reformatory at Monroe, the formal judgment and sentence referring to the offense as "Escaping jail." The same designation of the offense was used in the commitment.

The petitioner (ignoring the judgment and sentence of not more than twenty years for first-degree forgery entered June 15, 1939, and his commitment thereunder) urges that he is being unlawfully detained in the penitentiary on the sentence of not more than twenty years entered June 22, 1939, for "Escaping jail."

No point is made of his present incarceration in the penitentiary despite the sentence and commitment to the reformatory, in view of the authority given the board of prison terms and paroles to transfer convicts from one institution to the other. Laws of 1935, chapter 114, § 5, p. 316 (Rem. Rev. Stat. (Sup.), § 10249-5 [*cf.* RCW 9.95.180]).

Petitioner's first contention is that there is no such crime

as "Escaping jail" under the laws of the state of Washington.

It may be conceded that "Escaping jail" is not an accurate description of the crime with which he was charged and to which he entered a plea of guilty. However, we have examined the information, which is much more explicit than the judgment and sentence; and there can be no question that the information was prepared to and did charge the petitioner with a violation of what we shall call the escape statute, which at that time read as follows:

"Every prisoner confined in a prison, or being in the lawful custody of an officer or other person, who shall escape or attempt to escape from such prison or custody, by force or fraud, if he is held on a charge, conviction or sentence of a felony, shall be guilty of a felony; if held on a charge, conviction or sentence of a gross misdemeanor or misdemeanor, he shall be guilty of a misdemeanor." Laws of 1909, chapter 249, § 90, p. 918 (Rem. Rev. Stat., § 2342 [cf. RCW 9.31.010]).

■ We have held that, where it is impossible to ascertain from the judgment the precise charge upon which a prisoner was sentenced, it is permissible to examine the judgment in connection with the information to determine the charge. *In re Palmer v. Cranor* (1954), 45 Wn. (2d) 278, 273 P. (2d) 985; *In re Sorenson v. Smith* (1949), 34 Wn. (2d) 659, 209 P. (2d) 479.

■ Because the petitioner escaped by force from the lawful custody of the sheriff while under "sentence of a felony," his escape from custody was likewise a felony.

The petition urges that if he was guilty of the commission of a felony for a violation of the escape statute, which does not provide any penalty, the punishment should be fixed in accordance with § 13 of chapter 249, Laws of 1909, p. 894 (Rem. Rev. Stat., § 2265, RCW 9.92.010), which provides that every person convicted of a felony "for which no punishment is specially provided" shall be punished by "imprisonment in the state penitentiary for not more than ten years, or by a fine of not more than five thousand dollars, or by both."

The petitioner concedes that, in the *per curiam* opinion in a felony case where no penalty was provided (*In re Macduff* (1953), 42 Wn. (2d) 488, 489, 256 P. (2d) 293), we held that § 2 of chapter 114, Laws of 1935, p. 309 (Rem. Rev. Stat. (Sup.), § 10249-2 (part) [*cf.* RCW 9.95.010]), governed rather than § 13 of the 1909 law. Section 2 of the 1935 enactment (relating to the creation of the board of prison terms and paroles) provides that, when a person is convicted of a felony (with certain exceptions), the court shall fix only the maximum term of such person's sentence; but if the law under which such person is convicted does not provide a maximum term, the court shall fix such maximum at not less than twenty years. The petitioner argues, however, that the ruling in the *Macduff* case is unsound, since the cases relied upon do not support the holding. He distinguishes the three cases relied upon therein by pointing out that in each of them the statute provided a minimum sentence but no maximum. The petitioner agrees that § 2 of the 1935 enactment should apply when a minimum sentence is fixed by law but no maximum is provided, but insists that § 13 of the 1909 act applies where no maximum or minimum punishment is provided. He further points out that, although many acts deemed to be inconsistent therewith were repealed by chapter 114 of the Laws of 1935, the 1909 statute referred to (chapter 249, § 13, p. 894 (Rem. Rev. Stat., § 2265, RCW 9.92.010)) was not repealed by that act. This, he argues, is at least some indication, as we pointed out in *In re Sanford* (1941), 10 Wn. (2d) 686, 118 P. (2d) 179, that the earlier provision was not deemed to be inconsistent with that act. He urges, further, that there was no repeal by implication, as the statutes are not inconsistent and can both be given effect.

This poses a somewhat intriguing question but one which, as pointed out by the attorney general (representing the warden of the penitentiary, who is resisting the application of the prisoner), is academic at this time. We cannot agree with the petitioner's contention that, having served the maximum sentence of ten years that could be imposed (ac-

cording to his theory) for his escape from the county jail, he is now entitled to be released from the penitentiary.

Section 2 of chapter 109, Laws of 1925, Ex. Ses., p. 168 (Rem. Rev. Stat., § 2285 [*cf.* RCW 9.92.080]) provides that:

" . . . whenever a person while under sentence of a felony shall commit another felony and be sentenced to another term of imprisonment, such latter term shall not begin until the expiration of all prior terms: . . . "

 The warden, in his answer, sets out the commitment based upon the sentence of twenty years for first-degree forgery entered June 15, 1939, as a basis for petitioner's detention in the penitentiary. Whether the petitioner has secured his release from *custodia legis* under that judgment and sentence does not appear. See *In re Scott v. Callahan* (1951), 39 Wn. (2d) 801, 239 P. (2d) 333. In the absence of a showing that the petitioner is not held under that judgment and sentence, we must agree with the contention of the attorney general that the petitioner is serving that sentence and has not yet commenced to serve his sentence for escape from the county jail; and that whether a proper sentence for the second offense would be ten years or twenty years, is immaterial on the issue of his right to a writ of *habeas corpus* at this time. (We are advised, which advice we disregard as not being properly before us as part of the warden's answer, that the minimum period of confinement on the forgery charge, as revised by the state board of prison terms and paroles in consequence of four parole revocations, will be completed November 11, 1958.)

The petitioner, being held in the penitentiary on a valid judgment and sentence and a commitment based thereon, is not now entitled to a writ of *habeas corpus*. It seems to us, however, that he is entitled to have his escape sentence corrected if it be erroneous, as the maximum fixed may have some influence upon the board of prison terms and paroles in fixing the duration of his term of confinement thereunder, which will begin when his incarceration under the forgery sentence is terminated. *State ex rel. Mason v. Superior Court* (1954), 44 Wn. (2d) 67, 265 P. (2d) 253. The attorney general, having conceded that there may be

some merit to the petitioner's contention that his sentence for the offense of escaping from custody by force should be ten instead of twenty years, will, we are sure, co-operate with him in working out a *modus operandi* for a speedy determination of that issue.

The application for a writ of *habeas corpus* is denied.

HAMLEY, C. J., MALLERY, WEAVER, and ROSELLINI, JJ., concur.