[Nos. 38482, 38685.    Department One.    December 1, 1966.]

THE STATE OF WASHINGTON, *Respondent*, v. RICHARD E. LOUX, *Appellant.*\*

*J. Stephen Funk*, for appellant (Appointed counsel for appeal).

*Charles O. Carroll* and *Neal J. Shulman*, for respondent.

SOULE, J.†—In 1961 the defendant was in custody on

\*Reported in 420 P.2d 693.

†Judge Soule is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

a charge of attempted unlawful taking of an automobile. While awaiting disposition of that charge he twice escaped from the King County jail, and as a consequence was charged with two counts of unlawful escape. He was sentenced on the attempted taking charge and was thereafter presented to the court for disposition of the escape charges. Before going to court on February 26, 1962, the defendant and his then counsel reached an understanding with the prosecuting attorney that, upon entry of a plea of guilty to count 2, count 1 would be dismissed and the prosecutor would recommend a minimum term of 3 years to run concurrently with the previous sentence with credit to be given for time already spent in custody.

The plea was taken and the matter put over to the next day for sentencing. The record reflects that on the next day, February 27, 1962, before sentencing, the deputy prosecuting attorney disclosed to defense counsel and to the court that he had just become aware of the provisions of RCW 9.92.080 which requires sentences under circumstances such as these to run consecutively. After some colloquy defense counsel then said:

I still think, however, that it can still be within the jurisdiction of the court to have the sentence run concurrently inasmuch as especially neither the prosecuting attorney, and of course neither will defense counsel offer any objection to the concurrency of the terms.

The sentence was then imposed to run concurrently and the defendant admits that the prosecuting attorney adhered to his part of the agreement so far as the recommendation for a 3 year minimum sentence is concerned and in dismissing count 1.

Although the Board of Prison Terms and Paroles fixed the minimum terms to run consecutively rather than concurrently, nevertheless, the total minimum originally contemplated was attained because a 1 year minimum term was fixed on the attempted taking case and an 18-months minimum was fixed on the escape charge. In fixing the minimum on the escape charge a clear reference was made

to King County cause No. 35862, the attempted taking. This action of the board was taken on May 14, 1962. Had the defendant then felt imposed upon for the reasons which he now asserts, he had ample time to move against the judgment and the action of the board.

But for events which subsequently transpired, defendant would have been released within the time which he had in mind at the time of the sentencing. However, because of certain escape efforts on his part at the penitentiary his minimum term was thereafter lengthened.

Feeling aggrieved he applied for a writ of habeas corpus and on September 28, 1965, the matter was heard. As a result an order was entered directing his return to King County for resentencing.

He was returned and at the time of presentation for resentencing moved for leave to change his plea of guilty to that of not guilty. The motion was denied and sentence was imposed as of December 17, 1965.

We first examine the nature of the last sentence as it relates to the original one.

When a judgment and sentence is legal in one part and illegal in another, the illegal part, if separable, may be disregarded as surplusage and the legal part enforced. *State ex rel. Clark v. Hogan,* 49 Wn.2d 457, 303 P.2d 290 (1956); *In re Clark,* 24 Wn.2d 105, 163 P.2d 577 (1945). See also *In re Mullen v. Cranor,* 42 Wn.2d 310, 254 P.2d 1038 (1953), *cert. denied,* 347 U.S. 978 (1954).

In *State v. Luke,* 42 Wn.2d 260, 262, 254 P.2d 718 (1953), *cert. denied,* 345 U.S. 1000 (1953), we considered the legal effect of a sentence which provided that it was to run concurrently, thereby conflicting with RCW 9.92.080. What we said there we deem controlling here:

But the court exceeded its authority when it ordered that the sentences imposed in each cause be served concurrently, the convictions in both causes having been had before sentence was pronounced for either. Being in excess of the authority of the court, these provisions of the judgments in each cause are illegal. *Williams v. Mc-Cauley,* 7 Wn. (2d) 1, 7, 108 P. (2d) 822 (1940).

The state contends that, if the provisions in question

are illegal, the judgments and sentences are not void. It argues that these provisions are separable from the rest of the judgments and sentences and may be disregarded and the remainder, or legal portions, enforced. *In re Gossett v. Smith,* 34 Wn. (2d) 220, 222, 208 P. (2d) 870 (1949), and cases cited. We agree with this contention. The provisions regarding the concurrent service of the sentences are directory and are but a mandate regarding their execution.

Nor can defendant prevail upon his argument that the provisions for the concurrent service of his sentences were included in the judgments with his consent or upon the motion of the state. *Regardless of the desires of the parties, the court was not authorized to grant such an order.* The quoted statute is mandatory and became a part of the judgments the same as if the court had complied with it. *Defendant is now in the identical position in which he would be either if the court had done what the statute requires or if he were to be resentenced.* (Italics ours.)

Here, as in that case, the consent of the parties and concurrence of the court could not serve to bind the state of Washington in the face of the provisions of the statute. The portion of the judgment and sentence which was in excess of the court's jurisdiction cannot be regarded, but in disregarding it, it is not necessary to strike down as void the balance of the judgment and sentence.

We have heretofore considered the problem created when an erroneous sentence has been given. We have indicated that the court has the power and duty to correct the error upon its discovery. *State ex rel. Sharf v. Municipal Court,* 56 Wn.2d 589, 354 P.2d 692 (1960); *State v. Williams,* 51 Wn.2d 182, 316 P.2d 913 (1957); *In re McNutt v. Delmore,* 47 Wn.2d 563, 288 P.2d 848 (1955), *cert. denied,* 350 U.S. 1002 (1956).

Return for resentencing is an appropriate procedure. *In re Dill v. Cranor,* 39 Wn.2d 444, 235 P.2d 1006 (1951). The opening of the judgment for this purpose does not render the original judgment a nullity, *State v. Williams, supra.*

We hold that the sentence of December 17, 1965, was not a new sentence, but rather a correction of the old one and

the time when that sentence started to run was June 8, 1963, the date when defendant was paroled on King County cause No. 35862. *State ex rel. Mason v. Superior Court,* 44 Wn.2d 67, 265 P.2d 253 (1954): *In re St. Peter v. Rhay,* 56 Wn.2d 297, 352 P.2d 806 (1960). To obviate any possible inference that these further proceedings might have the effect of increasing the original sentence by postponing the terminal date thereof, the words "nunc pro tunc February 27, 1962" should have been added and we now order that they be so added.

At the time of the original sentencing the trial judge apparently had some private doubts as to whether or not the proposed sentence would be effective insofar as the *concurrent* provision was concerned. Defendant complains because the trial judge did not advise him and his counsel of these doubts. He urges that there was an affirmative duty on the judge to advise him and that by remaining silent the judge misled him and that therefore his plea was not entered intelligently and understandingly.

In taking this position he relies on *State v. Taft,* 49 Wn.2d 98, 297 P.2d 1116 (1956). In that case the defendant had no counsel. He was himself of subnormal intellect and the proceedings in court were so sketchy that it was rather apparent that the defendant was not aware of his possible defense on the facts.

The present case is different. Defendant was represented by counsel and the power of the court to enter the sentence was actively discussed. Thereafter, and with the advice of counsel, defendant nevertheless chose to accept the sentence which he knew to be outside the plain terms of the statute. It is with poor grace that he now complains that the venture turned out badly.

One of the features of the adversary system is that, where a party has an attorney, he may not thrust upon the court the burden of furnishing him legal advice.

Defendant contends that he should have been permitted to change his plea in December 1965. The effective time of entry of judgment was February 27, 1962. A motion for change of plea, as a matter of right, must be made before

judgment is entered. RCW 10.40.175. *State v. Scott*, 101 Wash. 199, 172 Pac. 234 (1918).

If the motion is made after judgment it is then addressed to the sound discretion of the court, *State v. Jessing*, 44 Wn.2d 458, 268 P.2d 639 (1954).

The application to withdraw the plea after judgment and sentence is to be treated as an application to vacate the judgment pursuant to RCW 4.72.010. *State v. Williams*, 51 Wn.2d 182, 316 P.2d 913 (1957); *State v. Taft, supra.*

Where one seeks to change his plea after judgment there must be a prima facie showing of a defense on the merits. *State v. Williams, supra; State v. Roff*, 44 Wn.2d 309, 266 P.2d 1059 (1954); *State v. McKeen*, 186 Wash. 127, 56 P.2d 1026 (1936). No such showing has been made here.

In this case we find no abuse of discretion. The defendant had the benefit of counsel. The statute was not concealed from him or his counsel and they were aware that the pronounced judgment did not comply with it. He did in fact receive the favorable recommendation which was part of a so-called "bargain" and the Board of Prison Terms and Paroles did set his collective minimums within the bargained-for amount and even more importantly he received a dismissal on count 1, against which the statute of limitations has now run.[1] Having failed to take any exception to disposition of the case within what we consider a reasonable length of time after being made aware of the problem presented by the form of the judgment and sentence and within the time when the state could have refiled on count 1, we think the motion was not timely.

The case is hereby remanded for the limited purpose of adding to the correction judgment and sentence of December 17, 1965, the formal words "nunc pro tunc as of February 27, 1962." Otherwise the appeal is dismissed.

ROSELLINI, C. J., HILL, OTT, and HALE, JJ., concur.

---

[1] Under RCW 10.01.020 the bar of the statute of limitations fell on July 5, 1964.