[No. 7129–4–III.   Division Three.   November 18, 1986.]

THE STATE OF WASHINGTON, *Respondent*, v. ALVA O. JENNINGS, *Appellant*.

*Alva O. Jennings*, pro se, *Wade E. Gano*, and *Thorner, Kennedy, Gano & Rowley, P.S.*, for appellant.

*Jeffrey C. Sullivan, Prosecuting Attorney*, and *Michael G. McCarthy, Deputy*, for respondent.

MUNSON, J.—Alva O. Jennings appeals the Superior Court's order directing him to serve 6 months in the Yakima County Jail. We reverse.

On May 18, 1982, Mr. Jennings was sentenced to 5 years' imprisonment in a state correctional facility for his conviction on five counts of second degree possession of stolen property. RCW 9A.56.160. He was, likewise, sentenced to a maximum of 1 year in the Yakima County Jail arising from his conviction on one count of third degree possession of stolen property, a gross misdemeanor. RCW 9A.56.170. The 1–year jail sentence was to run concurrently with the 5–

year sentence. The judgment and sentence further provided if Mr. Jennings was released from the state correctional facility before serving 1 year, he was to be returned to the Yakima County Jail to serve the remainder of that 1–year term.

On January 16, 1984, following an appeal from the convictions, *State v. Jennings,* 35 Wn. App. 216, 666 P.2d 381, *review denied,* 100 Wn.2d 1024 (1983), Mr. Jennings surrendered himself to the Washington State Correction Center at Shelton, Washington. Thereafter, the prosecuting attorney was contacted for his input about releasing Mr. Jennings on intensive parole; the prosecuting attorney opposed such parole. Nevertheless, Mr. Jennings was released on intensive, supervised parole on July 16, after serving 6 months. Upon release from the state correctional facility, Mr. Jennings returned to his home in Yakima, Washington, under the supervision of his parole officer.

The prosecutor's office became aware the defendant had only served 6 months in custody in February 1985, when Mr. Jennings was being investigated regarding a new charge. Following a show cause hearing, Mr. Jennings was ordered to serve an additional 6 months in the Yakima County Jail on the third degree possession conviction. This appeal followed.

Mr. Jennings asserts the court erred in ordering him to serve an additional 6 months in the county jail. He maintains that he remained in the custody of the state authorities while paroled and must be given credit for that parole time. He contends he effectively completed this sentence on January 16, 1985; thereafter, the court no longer retained jurisdiction to return him to confinement on the third degree conviction. We agree.

■ *January v. Porter,* 75 Wn.2d 768, 776–77, 453 P.2d 876 (1969) provides:

> One on parole from a final judgment and sentence of imprisonment is not a free man; he has not, by his parole, satisfied the judgment and sentence; his release is conditional only, and whether he has fulfilled the conditions of

his parole is a determination to be made by the Board of Prison Terms and Paroles and not by the courts. His status on parole has been aptly described as that of one who is simply serving his time outside the prison walls.

Thus, a person judicially sentenced to confinement by virtue of a final judgment and sentence of a court of competent jurisdiction and released on parole by the executive branch of government—the branch of government charged by law with executing the sentence— remains in custodia legis until expiration of the maximum term for which he has been sentenced . . .

*See also Honore v. Board of Prison Terms & Paroles,* 77 Wn.2d 697, 700, 466 P.2d 505 (1970); *Riggins v. Rhay,* 75 Wn.2d 271, 278, 450 P.2d 806 (1969).

Here, Mr. Jennings remained in custody and his sentence continued to run notwithstanding his parole. His maximum sentence on the gross misdemeanor, *i.e.,* 1 year, expired in January 1985. The sentencing court's jurisdiction to order the further 6-month sentence on that count also ended at that time. *See Avlonitis v. Seattle Dist. Court,* 97 Wn.2d 131, 133-34, 641 P.2d 169, 646 P.2d 128 (1982); *State v. Mortrud,* 89 Wn.2d 720, 722-23, 575 P.2d 227 (1978); *State v. Monday,* 85 Wn.2d 906, 910, 540 P.2d 416 (1975).[1]

The order is reversed.

McINTURFF, A.C.J., and THOMPSON, J., concur.

---

[1]*See also* RCW 9A.20.020(2) ("Every person convicted of a gross misdemeanor . . . shall be punished by imprisonment in the county jail for a maximum term fixed by the court of not more than one year . . ."). *Cf.* RCW 3.66.060(1) (district court, which has concurrent jurisdiction with the superior court over gross misdemeanors, has no jurisdiction to impose a sentence greater than 1 year).