[No. 10216–5–III.   Division Three.   May 17, 1990.]

*In the Matter of the Personal Restraint of*
HERMAN PASCHKE, *Petitioner.*

*Paul J. Wasson II,* for petitioner (appointed counsel for appeal).

*Kenneth O. Eikenberry, Attorney General, William L. Williams, Senior Assistant,* and *Thornton Wilson, Assistant,* for respondent.

MUNSON, C.J.—Herman Paschke seeks relief from personal restraint imposed as a result of his incarceration for carnal knowledge and rape. He contends (1) his sentences for the 1972 abduction and carnal knowledge convictions should have run concurrently rather than consecutively; (2) the Parole Board erred in setting the minimum terms on these convictions to run consecutively; (3) his sentence should have been set pursuant to the Sentencing Reform Act of 1981 (SRA); and (4) the Board abused its discretion is setting a minimum term outside the standard range. Mr. Paschke's court appointed counsel additionally contends the Board erred by imposing additional time for each violation beyond 60 days pursuant to RCW 9.94A.200. These contentions are not well taken.

In 1972, Mr. Paschke, then 24 years old, abducted two girls, ages 12 and 15, and raped the older girl. He was highly intoxicated when he committed the offense. He was convicted of abduction and carnal knowledge and was given 10– and 20–year sentences, respectively, to run consecutively. In August 1972, the Board set minimum terms of 6 years for each count to run consecutively.

On June 26, 1974, the Board paroled Mr. Paschke from the abduction conviction to the carnal knowledge conviction; he remained in the institution. In August 1977, the

Board granted parole[1] outside the institution on the condition, among others, he not drink and obtain alcohol treatment.

In March 1978, Mr. Paschke was charged with several parole violations, including the assault of his girl friend while intoxicated, drinking alcohol, and using marijuana. Following a hearing, the Board revoked his parole.

In late 1978, Mr. Paschke was again considered for parole. A preparole investigation and psychiatric examination disclosed his problems with alcohol. The Board paroled him in December 1978 with the condition he not use drugs or alcohol.

In June 1979, while on parole, he raped a woman in her residence. He was intoxicated at the time. He allegedly burglarized the residence of another woman and was arrested under the crawl space of her residence. He pleaded guilty to rape in the second degree and was given a 10–year maximum sentence; pursuant to a plea bargain, the burglary charge was dismissed. The court adjudged him to be a sexual psychopath. The Board alleged several parole violations based on this evidence. Following a hearing, his parole was reinstated on the condition he successfully complete a sexual offender program at Eastern State Hospital. He subsequently refused to participate in the program and his parole was revoked in 1980. The Board returned him to prison, setting a new 5–year minimum term on the 1972 carnal knowledge conviction and a 6–year minimum term on the 1979 rape conviction. His maximum term on the abduction conviction expired in 1982.

In August 1985, Mr. Paschke submitted to a mental examination by a psychologist. Mr. Paschke told the psychologist he drank alcohol to get the courage to commit rape, and there were "countless other victims over the

---

[1]The record does not specify from which conviction this parole ensued. Since the carnal knowledge conviction, by the court's sentence was to run consecutively to the abduction sentence and pursuant to RCW 9.92.080(2), he must have been paroled on the abduction conviction.

course of his life." He described in detail uncharged rapes he had committed, including the sexual assault of his grandmother when he was 14 years old. The psychologist recommended that Mr. Paschke not be released from prison based on his lengthy history of violence toward women. The preparole investigation echoed the psychologist's concerns and recommended parole be denied. The Board, however, found Mr. Paschke parolable based on his attempts to improve his behavior while incarcerated, and its concerns that he had already served in excess of the SRA range for his offenses. Accordingly, in May 1987, the Board granted him parole conditioned on the avoidance of drugs and alcohol and on obtaining sexual deviancy counseling.[2]

In December 1987, Mr. Paschke was again charged with violating his parole by drinking. The Board found him guilty of the violation but reinstated parole with a "firm 'last chance' message". In June 1988, he was charged with smoking marijuana, and the Board issued a formal written warning.

In May 1989, Mr. Paschke was charged with making obscene telephone calls, threatening rape, and other parole violations. The Board found he had committed the violations, noted his failures at reform, and revoked his parole. It set his new minimum term for the carnal knowledge and rape convictions to expire when the maximum sentence on those charges expired. It is from this Board determination that Mr. Paschke appeals.

First, Mr. Paschke contends his sentences for the 1972 abduction and carnal knowledge convictions should have run concurrently rather than consecutively. He argues the abduction and carnal knowledge convictions constituted a common plan or scheme. This argument was not raised

---

[2]The Board again does not specify from which conviction this parole ensues. Since the rape conviction did not begin until completion of his maximum sentence on the carnal knowledge conviction, RCW 9.92.080(1), we presume this parole was from his carnal knowledge conviction.

following judgment and sentence on the 1972 convictions; the record does not reflect an appeal was pursued. This argument is therefore untimely. The Board does not have authority to modify the court's consecutive sentences. *In re Chapman,* 105 Wn.2d 211, 216, 713 P.2d 106 (1986).

Second, Mr. Paschke contends the Board erred in imposing consecutive minimum terms on the 1972 convictions. He erroneously cites *In re Irwin,* 110 Wn.2d 175, 751 P.2d 289 (1988) in support of this position. *Irwin,* at 181–83, acknowledged the Board has discretion to set minimum terms for pre–SRA offenses to run either concurrently or consecutively, depending upon the court's sentence. Here, the Board was bound by the Superior Court sentence, which set Mr. Paschke's maximum terms for the two 1972 offenses to run consecutively. We find no error.

Third, Mr. Paschke asserts he is entitled to receive an SRA sentence for a pre–SRA offense. The SRA is binding only when the individual committed the crime after June 30, 1984. RCW 9.94A.905. Those crimes committed before that date are controlled by pre–SRA law. RCW 9.95.009(2); *Addleman v. Board of Prison Terms & Paroles,* 107 Wn.2d 503, 730 P.2d 1327 (1986). While courts imposing sentences for pre–SRA crimes are to seek guidance from the SRA standards, the latter do not control. RCW 9.95-.009(2); *Addleman,* at 507. Accordingly, Mr. Paschke's contention must fail as his convictions all occurred prior to 1984.

Fourth, Mr. Paschke asserts the Board abused its discretion in setting a minimum term outside the standard range. Judicial review of pre–SRA sentences is limited to whether the Board abused its discretion in setting a new minimum term. *In re Whitesel,* 111 Wn.2d 621, 628, 763 P.2d 199 (1988). Mr. Paschke's contention that the Board's decision is limited in considering aggravating factors surrounding the original offense is without merit. *See In re Rolston,* 46 Wn. App. 622, 626, 732 P.2d 166 (1987). The record is replete with continued parole violations and the inclination to reoffend. His own psychologist's report states he is a

potential threat to society given his sexual deviancy. This factor combined with his abuse of alcohol and drugs, which contribute to his other problems, provides a sufficient basis to support the Board's minimum term determination. We find no abuse of discretion.[3]

■ Subsequent to the filing of the pro se petition, Mr. Paschke's court appointed counsel submitted a supplemental petition. He contends that when the Board last set Mr. Paschke's minimum term, it should have been limited to 60 days for each parole violation under the SRA, which provides in RCW 9.94A.200 in relevant part:

> (1) If an offender violates any condition or requirement of a sentence, the court may modify its order of judgment and sentence and impose further punishment in accordance with this section.
> (2) If an offender fails to comply with any of the requirements or conditions of a sentence the following provisions apply:
>
> . . . .
>
> (b) The state has the burden of showing noncompliance by a preponderance of the evidence. If the court finds that the violation has occurred, *it may order the offender to be confined for a period not to exceed sixty days for each violation,* and may (i) convert a term of partial confinement to total confinement . . ..

(Italics ours.) The State responds that this section of the SRA has no application to the indeterminate sentencing scheme or to Mr. Paschke's minimum term. We agree. RCW 9.94A.200 does not apply to the setting of minimum terms under the indeterminate sentencing scheme; it applies solely to SRA cases. *See, e.g., In re Evich,* 50 Wn. App. 84, 88–89, 747 P.2d 480 (1987); *State v. Stanley,* 47 Wn. App. 715, 718–19, 737 P.2d 296 (1987). Counsel's

---

[3]Mr. Paschke also cites *State v. Payne,* 45 Wn. App. 528, 726 P.2d 997 (1986) and *State v. Hartley,* 41 Wn. App. 669, 705 P.2d 821, *review denied,* 104 Wn.2d 1028 (1985) in support of his position. Both deal with the imposition of exceptional sentences under the SRA, and thus are not applicable. *Payne* indicates a psychological report that indicates a defendant presents a high risk of reoffending does not in isolation constitute an aggravating circumstance justifying an exceptional sentence. Here, the report was not the only factor supporting the setting of an extended minimum term.

attempt to distinguish *Evich* by noting that defendant was not given an exceptional *new* minimum term is not persuasive. There appears to be some confusion regarding the time remaining to be served. Mr. Paschke contends the carnal knowledge sentence expires in 1991, and the rape sentence in 1994. Our calculations differ.

Mr. Paschke's 1972 carnal knowledge sentence was to run consecutive to the abduction conviction. RCW 9.92.080(2).[4] As noted, the Board set consecutive 6–year minimum sentences on each count. In 1974, he was paroled from the abduction count to the carnal knowledge count. Despite this parole, he did not officially complete his maximum sentence on the abduction conviction until 1982. The sentence on the carnal knowledge conviction would not begin until 1982. RCW 9.92.080(2).

When Mr. Paschke was paroled to the carnal knowledge conviction in 1974, he had served 2 years on the abduction conviction. He served 3 more years, by the Board's decision, attributable to the carnal knowledge conviction. However, his maximum sentence on the abduction charge was also running. Thus, when paroled in 1977, he is credited with 5 years on the abduction and 3 years served on the carnal knowledge conviction, although the latter sentence had not yet begun.

When Mr. Paschke pleaded guilty to second degree rape and was sentenced by the court to a maximum term of 10 years, the Board ultimately set his new minimum term of confinement at 5 years on the carnal knowledge count to commence June 16, 1980. Additionally, it set a 6–year minimum term of confinement on the rape conviction to run consecutively to the carnal knowledge conviction.

The State's supervisory jurisdiction on the 10–year sentence for abduction expired in 1982; the State's supervisory

---

[4]RCW 9.92.080(2) provides: "Whenever a person is convicted of two or more offenses which arise from a single act or omission, the sentences imposed therefor shall run concurrently, *unless the court, in pronouncing sentence, expressly orders the service of said sentences to be consecutive.*" (Italics ours.)

jurisdiction on the carnal knowledge conviction then began. Because the Board saw fit to parole Mr. Paschke to the carnal knowledge conviction in 1974, he should be given credit toward his 20–year sentence for the time served, *i.e.,* between 1974 and 1977.

In May 1987, he was again paroled; we have determined this was on the carnal knowledge conviction. (See footnote 2.) In 1989, his parole was revoked, and the Board set a new minimum term of confinement at the maximum expiration date of the carnal knowledge and rape sentences. The State's supervisory jurisdiction on the carnal knowledge conviction expires in 1999, computed as follows: pursuant to RCW 9.92.080(2), cited previously, this sentence began in 1982 to expire in 2002. Having been paroled to this sentence in 1974, he is entitled to credit served on that sentence, 3 years, although that consecutive sentence had not yet begun. Therefore, we deduct 3 years from 2002, resulting in an expiration date in 1999. The supervisory jurisdiction for his second degree rape conviction cannot begin until his carnal knowledge sentence expires in 1999. RCW 9.92.080(1).[5] Thus, his maximum sentence for the rape does not commence until the expiration of the carnal knowledge term in 1999 and will expire in 2009.

Regardless of the maximum sentence the court imposed, Mr. Paschke is entitled to have credit for the period of time the Board considered he was imprisoned on the carnal knowledge conviction. Similarly, should the present Indeterminate Sentencing Review Board parole him to his rape conviction, the same consideration should be given for the

---

[5]RCW 9.92.080 provides in relevant part: "(1) Whenever a person while under sentence of felony shall commit another felony and be sentenced to another term of imprisonment, such latter term shall not begin until the expiration of all prior terms . . .". Although *St. Peter v. Rhay,* 56 Wn.2d 297, 298, 352 P.2d 806 (1960) interprets the phrase "terms of confinement" to mean that term during which an inmate is actually imprisoned, we find this to include the time during which he is on parole. *See State v. Jennings,* 45 Wn. App. 858, 728 P.2d 1064 (1986) (the Board merely provides the convicted felon the opportunity to serve his time outside the prison walls; he remains in custodia legis until the expiration of the maximum term); *see also January v. Porter,* 75 Wn.2d 768, 453 P.2d 876 (1969).

time actually imprisoned on that conviction even though that sentence will not begin until his maximum sentence on the carnal knowledge conviction expires.

The State asks for attorney fees based on the frivolous nature of defense counsel's supplemental petition. We decline, noting defense counsel was appointed by the court and attempts to distinguish case law on the issue raised. Furthermore, Mr. Paschke raised a valid issue even though he is not entirely successful.

Since Mr. Paschke is not entitled to release, his petition is dismissed; the State's request for attorney fees is denied.

GREEN and SHIELDS, JJ., concur.

Reconsideration denied June 11, 1990.