[No. 10216–5–III.   Division Three.   June 11, 1991.]

*In the Matter of the Personal Restraint of*
HERMAN PASCHKE, *Petitioner.*

*Paul J. Wasson,* for petitioner (appointed counsel for appeal).

*Kenneth O. Eikenberry, Attorney General,* and *Thornton A. Wilson, Assistant,* for respondent.

MUNSON, J.—This matter is before the court on remand from the Supreme Court after Mr. Paschke petitioned for review of *In re Paschke,* 57 Wn. App. 907, 790 P.2d 1250 (1990). Mr. Paschke's criminal history reads as follows:

03/13/72 – pleaded guilty to abduction and carnal knowledge, sentenced to consecutive maximum terms of 10 and 20 years respectively; began serving 10–year sentence for abduction

06/20/74 – paroled from abduction sentence to begin serving 20–year sentence for carnal knowledge

09/01/77 – released on parole

04/07/78 – parole revoked

12/11/78 – released on parole

06/25/79 – arrested on rape and burglary charges; parole suspended

11/15/79 – pleaded guilty to rape, placed on probation conditioned on completion of sexual psychopathy program at Eastern State Hospital under deferred sentence; released from custody to enter program

06/13/80 – returned to Spokane County Jail for failure to complete sex offender program

06/16/80 – parole suspended

07/18/80 – 10–year sentence for rape imposed

10/20/80 – new 5–year minimum term for carnal knowledge set, retroactive to 6/16/80

10/15/83 – paroled from carnal knowledge sentence to rape sentence

05/18/87 – released on parole

Mr. Paschke's parole was revoked on July 6, 1989, and his new minimum term was set at the maximum sentence expiration date. The issue is when that date will be.

Prior to the Sentencing Reform Act of 1981, the maximum term of a sentence was fixed by the court pursuant to statute. RCW 9.95.010. The term of actual confinement, however, was fixed by the Board of Prison Terms and Paroles (Board). RCW 9.95.040. The Board could also allow time credits for good behavior. RCW 9.95.070. Once a convicted person had served the period of confinement fixed for him by the Board, less time credits for good behavior, he could be released from confinement on parole. RCW 9.95.110.

Ordinarily, credit on a sentence begins on the date the judgment and sentence is signed by the court or as soon thereafter as the convicted person is returned to custody. RCW 9.95.060. *See DeLano v. Cranor*, 44 Wn.2d 63, 265 P.2d 263 (1954). "Whenever a person while under sentence of felony shall commit another felony and be sentenced to another term of imprisonment, such latter term shall not begin until the expiration of all prior terms . . .". RCW 9.92.080(1).

Read literally, RCW 9.92.080(1) could be interpreted to prohibit a convicted person from being imprisoned for a later felony until the entire maximum sentence for an earlier felony, including time during which the person was released on parole, had expired. *See St. Peter v. Rhay*, 56 Wn.2d 297, 352 P.2d 806 (1960); *State ex rel. Mason v. Superior Court*, 44 Wn.2d 67, 265 P.2d 253 (1954). Under this interpretation, "the sentence for a subsequent felony could not start when an inmate was released with allowance for 'good time,' but, instead, would commence only after he had been at large for the length of his 'good time' allowance." *St. Peter*, at 299. Finding this result would be

anomalous, *St. Peter,* at 299 then held the term of a subsequent felony sentence begins when the inmate's actual imprisonment for the earlier felony ends. Thus, RCW 9.92-.080(1) is to be interpreted as though it reads:

> ". . . whenever a person while under sentence of felony commits another felony and is sentenced to another term of imprisonment, such latter term shall not begin until the expiration of *incarceration under* all prior terms . . ." (Italics ours.)

*Mason,* at 68.

█ The maximum term expiration date for each felony is calculated from the date on which, but for successive felonies, the prisoner would have been released from confinement. *St. Peter,* at 300. Similarly, when consecutive sentences are imposed, the second term begins on the date the defendant would otherwise have been released from confinement under the first term. *See Jansen v. Morris,* 87 Wn.2d 258, 263, 551 P.2d 743 (1976).

Mr. Paschke began serving his 10–year sentence for the 1972 abduction on March 13, 1972. His maximum release date on that conviction was March 12, 1982. The sentence for his carnal knowledge conviction was to run consecutive to the abduction sentence. On June 20, 1974, he was paroled to, and began serving, his 20–year maximum sentence for the 1972 carnal knowledge conviction. His maximum release date for that sentence is June 19, 1994.

According to Board records, Mr. Paschke began serving his 10–year sentence for the 1979 rape conviction on October 15, 1983. His maximum release date on that charge is not later than October 14, 1993. However, the judgment and sentence for the rape conviction committed Mr. Paschke to Eastern State Hospital for treatment as a sexual psychopath. *See* RCW 71.06 which was applicable to crimes committed prior to July 1, 1984. He apparently remained there until he was terminated from the program and his parole revoked. Under *In re Knapp,* 102 Wn.2d 466, 687 P.2d 1145 (1984), he could be entitled to have this time credited against his maximum sentence on the rape charge.

A person judicially sentenced to confinement remains in custody until the maximum term for which he has been sentenced expires. *January v. Porter,* 75 Wn.2d 768, 776–77, 453 P.2d 876 (1969). His sentence continues to run notwithstanding his parole. *State v. Jennings,* 45 Wn. App. 858, 860, 728 P.2d 1064 (1986). Once imposed, a sentence is terminated only by absolute pardon from the Governor, death of the person sentenced, or expiration of the maximum sentence. *Mason v. Cranor,* 42 Wn.2d 610, 615, 257 P.2d 211, *cert. denied,* 346 U.S. 901, 349 U.S. 957 (1953). The Board has the authority to order confinement of a prisoner for the maximum term of his sentence. *Mason v. Cranor, supra* at 615.

Following the *St. Peter* reasoning, Mr. Paschke's sentence for abduction terminated in 1982; his carnal knowledge sentence began on June 20, 1974, and terminates June 19, 1994; and his rape sentence terminates on October 15, 1993. Thus, the latest date Mr. Paschke can be held is June 19, 1994.

*In re Paschke,* 57 Wn. App. 907, 790 P.2d 1250 (1990) is modified insofar as it is inconsistent with this opinion.

GREEN, C.J., and SHIELDS, J., concur.

Reconsideration denied July 3, 1991.