[No. 2367–3.   Division Three.   March 28, 1978.]

THE STATE OF WASHINGTON, *Respondent,* v. TIMOTHY
LUNSTRUM, *Appellant.*

*John P. Gilreath* and *Dano, Cone, Fraser & Gilreath,* for
appellant.

*Joseph Panattoni, Prosecuting Attorney,* for respondent.

ROE, J.—Defendant Timothy Lunstrum appeals from
convictions on four counts of first–degree arson, and five
counts of second–degree burglary. It is not disputed that he

set fire to four separate unoccupied buildings which were used as dwellings. After a trial, he was found guilty. He pleaded guilty to five counts of burglary.

Two issues are presented:

1. Whether the inclusion of the term dwelling (RCW 9A.04.110(7))[1] within the definition of building (RCW 9A.04.110(5))[2] permits the prosecutor unconstitutional discretion to charge either first–degree[3] or second–degree[4] arson on the same set of facts; and

2. Whether the trial court abused its discretion in sentencing defendant so four of the five burglary terms should run concurrently but the fifth one should run consecutively to the other four.

■ With regard to the first issue, any potential for impermissible discretion in the charging of first– or second–degree arson is obviated by the prefatory remarks to RCW

---

[1]RCW 9A.04.110(7)

"'Dwelling' means any building or structure, though movable or temporary, or a portion thereof, which is used or ordinarily used by a person for lodging;"

[2]RCW 9A.04.110(5)

"'Building', in addition to its ordinary meaning, *includes any dwelling*, fenced area, vehicle, railway car, cargo container, *or any other structure used for lodging of persons* or for carrying on business therein, or for the use, sale or deposit of goods; each unit of a building consisting of two or more units separately secured or occupied is a separate building;" (Italics ours.)

[3]"RCW 9A.48.020 Arson in the first degree. (1) A person is guilty of arson in the first degree if he knowingly and maliciously:

"(a) Causes a fire or explosion which is manifestly dangerous to any human life including firemen; or

"(b) Causes a fire or explosion which damages a dwelling; or

"(c) Causes a fire or explosion in any building in which there shall be at the time a human being who is not a participant in the crime.

"(2) Arson in the first degree is a class A felony."

[4]"RCW 9A.48.030 Arson in the second degree. (1) A person is guilty of arson in the second degree if he knowingly and maliciously causes a fire or explosion which damages a building, or any structure or erection appurtenant to or joining any building, or any wharf, dock, machine, engine, automobile, or other motor vehicle, watercraft, aircraft, bridge, or trestle, or hay, grain, crop, or timber, whether cut or standing or any range land, or pasture land, or any fence, or any lumber, shingle, or other timber products, or any property."

9A.04.110—"unless a different meaning plainly is required." This proviso, as well as RCW 9A.04.020(2),[5] comport with the controlling case law (e.g., *State ex rel. Campbell v. Case*, 182 Wash. 334, 47 P.2d 24 (1935), *Olsen v. Delmore*, 48 Wn.2d 545, 295 P.2d 324 (1956)), so that whenever a person knowingly and maliciously causes a fire or explosion which damages a dwelling, the first–degree arson statute is applicable and supersedes the second–degree arson statute. *See State v. Carroll*, 81 Wn.2d 95, 500 P.2d 115 (1970); *State v. Collins*, 55 Wn.2d 469, 348 P.2d 214 (1960).

██ With regard to the second issue, RCW 9.92.080 invests the trial court with the ultimate authority to determine whether the sentences arising out of a multiple count information shall run concurrently or consecutively. *Jansen v. Morris*, 87 Wn.2d 258, 261, 551 P.2d 743 (1976). There is nothing in the record which even intimates that the vested discretion was abused. *State v. Harris*, 10 Wn. App. 509, 518 P.2d 237 (1974).[6]

Judgment affirmed.

MUNSON, C.J., and McINTURFF, J., concur.

---

[5]"RCW 9A.04.020 Purposes—Principles of construction. . . . (2) The provisions of this title shall be construed according to the fair import of their terms but when the language is susceptible of differing constructions it shall be interpreted to further the general purposes stated in this title."

[6]Although counsel alludes to the defendant's "mental problems" he does not challenge the defendant's competency to either stand trial on the arson counts or plead guilty on the burglary counts. Additionally, there is nothing in the record before us which would permit our raising such issues sua sponte.