[No. 47161–4. En Banc. April 23, 1981.]

*In the Matter of the Personal Restraint of*
EARL KENNETH SHRINER, *Petitioner.*

*Robert Adelman* of *Institutional Legal Services,* for petitioner.

*Slade Gorton, Attorney General, Michael Lynch* and *Stephen J. Hosch, Assistants, Don Herron, Prosecuting Attorney,* and *Joseph D. Mladinov, Senior Deputy,* for respondent.

DOLLIVER, J.—The issue raised in this petition is whether petitioner's 10–year sentence for second degree assault and 10–year sentence for second degree kidnapping are to run concurrently or consecutively.

Petitioner pleaded guilty to second degree assault and second degree kidnapping. Both crimes arose from a single act. On December 15, 1977, judgment and sentence was entered committing petitioner for not more than 10 years on count 1 and 10 years on count 2. There was no indication in this order as to whether the sentences were to be served concurrently or consecutively. On the same date but in a separate order, the sentences were suspended to determine if petitioner would benefit from psychological therapy. On January 11, 1978, however, the suspended sentences were revoked because petitioner was found to be not amenable to treatment. In this "Order Revoking Suspension of Sentence and Sentencing Defendant", there again was no indication whether the sentences were to be served concurrently or consecutively.

On March 8, 1978, the "Report of the Prosecuting Attorney" was submitted to the Board of Prison Terms and Paroles (Board) recommending that the two 10–year sentences be served consecutively. Underneath this recommendation, the judge who had sentenced defendant petitioner on December 15, 1977, and revoked the suspended sentence on January 11, 1978, wrote "I concur". The Board subsequently sentenced petitioner to serve his 10–year assault

conviction and his 10–year kidnapping conviction consecutively. Petitioner now requests this court to order the Board to reset his prison terms so that they run concurrently.

RCW 9.92.080(2) invests the trial court with the authority to determine whether the sentences arising out of a multiple count information shall run concurrently or consecutively. *Jansen v. Morris,* 87 Wn.2d 258, 551 P.2d 743 (1976). The statute reads:

> Whenever a person is convicted of two or more offenses which arise from a single act or omission, the sentences imposed therefor shall run concurrently, unless the court, in pronouncing sentence, expressly orders the service of said sentences to be consecutive.

The question is whether the sentencing judge's concurrence to the prosecuting attorney's report can be construed to be a pronouncement of sentence and an express order to impose consecutive sentences. If so, the Board has acted correctly in fixing consecutive sentences. If not, the Board has acted beyond its scope of authority and the sentences must be construed as running concurrently.

To understand fully RCW 9.92.080(2), the structure of the sentencing process must be reviewed. When a person is convicted of a felony, the trial court fixes only the maximum term of such person's sentence. After sentence has been imposed and the convicted person is admitted to the penitentiary or reformatory, the Board obtains from the prosecuting attorney and the sentencing judge a report concerning all facts relative to the convicted person and his crime. In this report, the prosecuting attorney and the sentencing judge "shall indicate to the board of prison terms and paroles, for its guidance, what, in their judgment, should be the duration of the convicted person's imprisonment." RCW 9.95.030. Within 6 months after the admission of the convicted person to the penitentiary or reformatory, the Board fixes the minimum term of that person. "The term of imprisonment so fixed shall not exceed the maximum provided by law for the offense of which he was con-

victed or the maximum fixed by the court where the law does not provide for a maximum term." RCW 9.95.040.

We believe the statutory scheme and its application to this case is clear. The decisive act by the trial court which will determine whether the sentences shall be concurrent or consecutive occurs at the time of the imposition of sentence. Unless in its imposition of sentence the trial court "expressly orders" the sentences to be served consecutively, they "shall run concurrently". RCW 9.92.080(2). Once this action was taken by the trial court on December 15, 1977, the question of concurrent or consecutive sentences was determined.

The recommendation of the court under RCW 9.95.030 is just that. It is "for [the] guidance" of the Board and nothing more. The Board is not bound by the recommendations of RCW 9.95.030; it is bound by the order imposing sentence. RCW 9.92.080(2).

The State argues that this court has recognized that the trial court has not only the power but indeed the duty to correct the length of sentence in a criminal case and even to lengthen it. We agree that there is a duty to correct a sentence; however, that duty arises only where the sentence is deemed illegal in the first place. In such a case, resentencing is required. *Brooks v. Rhay,* 92 Wn.2d 876, 602 P.2d 356 (1979). Here, however, there is neither a claim the sentence of the trial court was illegal nor that at the time of the imposition of the sentence the intention of the trial court was to have the sentences run consecutively. The sentence of December 15, 1977, was properly imposed. It cannot now be changed. *State v. Sampson,* 82 Wn.2d 663, 513 P.2d 60 (1973). *See United States v. Best,* 571 F.2d 484, 486 (9th Cir. 1978); *State ex rel. Lundin v. Superior Court,* 90 Wash. 299, 155 P. 1041 (1916).

We find that pursuant to RCW 9.92.080(2), the sentencing court is authorized to fix consecutive sentences through an express order when pronouncing sentence. The sentencing court in this instance did not take that action. Therefore, the sentences imposed are to run concurrently.

Consequently, the Board erred in setting petitioner's sentences consecutively.

The personal restraint petition is granted. The Board is ordered to reset petitioner's 10–year sentence for second degree assault and 10–year sentence for second degree kidnapping so that they run concurrently.

BRACHTENBACH, C.J., and ROSELLINI, STAFFORD, UTTER, HICKS, WILLIAMS, DORE, and DIMMICK, JJ., concur.

Reconsideration denied May 20, 1981.