[Nos. 5601–5–III; 5807–7–III. Division Three. April 5, 1984.]

THE STATE OF WASHINGTON, *Respondent,* v. SYLVESTER CANTU LOPEZ, *Appellant.*

*In the Matter of the Personal Restraint of* SYLVESTER CANTU LOPEZ, *Petitioner.*

*James L. Nagle, Makus & Makus,* and *Daniel E. Forsch,* for appellant.

*Arthur R. Eggers, Prosecuting Attorney,* and *Donald W. Schacht, Deputy,* for respondent.

GREEN, J.—In 1980 Sylvester Cantu Lopez was convicted of second degree assault in Walla Walla County. He was sentenced to 10 years' confinement, suspended on condition he spend 5 years on probation. On November 11, 1982, while on probation, Mr. Lopez was convicted of another felony in Yakima County. He was sentenced to 5 years. Based on this conviction, the Walla Walla court revoked his

probation, reinstated his sentence and ordered that it run concurrently with the Yakima sentence. On reconsideration, the court modified its order and directed the sentences run consecutively. The court stated that although in the exercise of discretion, concurrent sentences would better serve the ends of justice, the holding of *In re Jenkins*, 32 Wn. App. 269, 647 P.2d 523 (1982) required imposition of a consecutive sentence. Mr. Lopez, by appeal and personal restraint petition, urges that we decline to follow *Jenkins* and instead remand for resentencing.

RCW 9.92.080 provides:

(1) Whenever a person while under sentence of felony shall commit another felony and be sentenced to another term of imprisonment, such latter term shall not begin until the expiration of all prior terms: *Provided,* That *any person granted probation* pursuant to the provisions of RCW 9.95.210 and/or 9.92.060 *shall not be considered to be under sentence* of a felony *for* the *purposes of this subsection.*

. . .

(3) In all other cases, whenever a person is convicted of two or more offenses arising from separate and distinct acts or omissions, and not otherwise governed by the provisions of subsections (1) and (2) of this section, the sentences imposed therefor shall run consecutively, unless the court, in *pronouncing* the second or other subsequent sentences, expressly orders concurrent service thereof.

(Italics ours.)

It is true that *Jenkins* is on point. Mr. Jenkins was convicted in King County and sentenced to 15 years suspended on condition of probation. Subsequently, he was convicted and sentenced to confinement in Grays Harbor County. King County revoked his probation and reinstated the original sentence to run concurrent with the Grays Harbor sentence. On appeal, the court reversed and ordered the sentences run consecutively. The court reasoned that the King County court in revoking Jenkins' probation had not pronounced a second or subsequent sentence, but merely executed its former sentence, and, therefore, RCW 9.92-

.080(3) required the sentences run consecutively. We respectfully decline to adopt this analysis.

RCW 9.92.080(3) allows a sentencing court to enter a concurrent sentence where two or more sentences arise from separate and distinct acts. Each of the Lopez convictions arise from separate and distinct acts. At the time Yakima County sentenced Mr. Lopez, he was on probation; consequently, RCW 9.92.080(1) did not require a consecutive sentence by the Yakima court. Neither, as noted in *Jenkins,* was the Yakima court in a position to enter a concurrent sentence. As the court stated, at pages 271–72:

> Under RCW 9.92.080(3), which applies in "all other cases," it would have been unrealistic for the judge to have sentenced Mr. Jenkins to prison, but to have directed "concurrent service" of that sentence with the prior term of probation then still in effect.

(Footnote omitted.) If we were to hold that the court in Walla Walla is precluded from considering a concurrent sentence at the time probation was revoked because the revocation did not constitute a pronouncement of a second sentence, we would deprive Mr. Lopez and similarly situated defendants from receiving a concurrent sentence. On the other hand, defendants who were not granted probation on the first conviction could receive a concurrent sentence. The *Jenkins* decision sanctions this result, a result we do not believe the Legislature intended.

In our view, the provision "pronouncing the second or other subsequent sentences" contained in RCW 9.92.080(3) should be construed to apply to the imposition of sentence following revocation of probation based upon another conviction. For this purpose, it is truly a second sentence. We believe *Jenkins* too narrowly construes this provision and defeats the legislative intent evidenced by an integrated reading of the subsections of this statute. Our construction best serves the rehabilitative aspects of punishment noted in *Jansen v. Morris,* 87 Wn.2d 258, 261, 551 P.2d 743 (1976), where the court commented:

251

Each individual defendant presents a different factual context for the sentencing judge to review. The culpability of one defendant and his prior criminal involvement differ from the next defendant. These differences furnish a rational basis for varying the sentence and resultant punishment that each defendant receives.

While the trial court properly followed *Jenkins,* we, nevertheless, decline to do so and are constrained, therefore, to reverse and remand for resentencing with leave to consider either concurrent or consecutive sentences.

Reversed and remanded for resentencing.

MUNSON, C.J., and THOMPSON, J., concur.

Review denied by Supreme Court June 8, 1984.