[No. 51592–1. En Banc. January 30, 1986.]

*In the Matter of the Personal Restraint of* KENNETH SMITH CHAPMAN, ET AL, *Petitioners.*

*Mitchell A. Riese* of *Evergreen Legal Services,* for petitioners.

*Kenneth O. Eikenberry, Attorney General,* and *Douglas D. Walsh, Assistant,* for respondent.

DORE, J.—Three inmates in Washington prisons filed a consolidated personal restraint petition to obtain relief from sentences the Board of Prison Terms and Paroles (Parole Board) has set. Each of these petitioners has committed at least two felonies in separate counties. The issue here solely depends on which of the two judges imposing a sentence determines whether that sentence will run concurrently or consecutively with the other sentence given by the second court.

## FACTS

The facts surrounding one of the petitioners serves to illustrate the question. Petitioner Kenneth Chapman pleaded guilty to second degree burglary in Pierce County. On March 16, 1982, he received a maximum 10–year sentence which was suspended, and he was placed on probation. On January 19, 1984, Chapman was sentenced to a maximum of 5 years in prison for his guilty plea in a King

County burglary charge. The King County judge (second judge) made no mention of whether this prison sentence (second sentence) would run concurrently or consecutively to the Pierce County suspended sentence (first sentence), if that suspension were later revoked.

On March 22, 1984, the Pierce County judge (first judge) revoked the suspended first sentence and ordered that this 10–year sentence be served concurrently with the second 5–year sentence. However, on July 14, 1984, the Parole Board set minimum sentences on both these offenses of 24 months for the second sentence, and 77 months for the first sentence, and ordered the sentences to be served consecutively. The Parole Board justified this departure from the first judge's order because it believed pursuant to RCW 9.92-.080(3) only the second judge could order concurrent sentences, and his failure to do so required the Parole Board to sentence the prisoner consecutively. This order effectively increases Chapman's prison term by 2 years.

### Existing Case Law

The Court of Appeals, Division Two, in a similar case, *In re Jenkins,* 32 Wn. App. 269, 647 P.2d 523 (1982), agreed with the Parole Board's decision that this type of sentencing merits consecutive prison terms. However, in *State v. Lopez,* 37 Wn. App. 248, 679 P.2d 947 (1984), Division Three held the opposite and required the Parole Board to set concurrent sentences. We reconcile this conflict in favor of Division Three, and grant this petition. In passing we note that RCW 9.92.080 has been superseded by the Sentencing Reform Act of 1981 and does not control felonies occurring after June 30, 1984, RCW 9.94A.905.

This case depends on the interpretation of RCW 9.92-.080. This statute provides:

(1) Whenever a person while under sentence of felony shall commit another felony and be sentenced to another term of imprisonment, such latter term shall not begin until the expiration of all prior terms: *Provided,* That any person granted probation pursuant to the provisions of RCW 9.95.210 and/or 9.92.060 shall not be considered

to be under sentence of a felony for the purposes of this subsection.

(2) . . . [dealing with multiple offenses from same act]

(3) In all other cases, whenever a person is convicted of two or more offenses arising from separate and distinct acts or omissions, and not otherwise governed by the provisions of subsections (1) and (2) of this section, the sentences imposed therefor shall run consecutively, unless the court, in pronouncing the second or other subsequent sentences, expressly orders concurrent service thereof.

The problem with the interpretation of this statute surrounds the meaning of the words "the court, in pronouncing the second or other subsequent sentences . . ."

This court, in previous cases, has given the words "pronouncing a sentence" a very narrow meaning. A sentence is pronounced at the time the judge originally imposes it, regardless of whether the judge decides at the same time to suspend its execution. *See State v. Liliopoulos,* 165 Wash. 197, 5 P.2d 319 (1931); *State v. Farmer,* 39 Wn.2d 675, 678, 237 P.2d 734 (1951).

Our decision in *In re Shriner,* 95 Wn.2d 541, 627 P.2d 99 (1981) also used a narrow interpretation of the words "at the time the sentence is pronounced." In *Shriner,* a defendant was convicted of two crimes arising from the same incident. RCW 9.92.080(2) controlled whether the sentences would run consecutively or concurrently, and this subsection required the judge to order consecutive sentences (for multiple offenses arising out of the same incident) at the time of pronouncement, or the sentences would run concurrently. The judge sentenced the defendant, but stayed execution of the sentence pending the results of a psychiatric hearing. This hearing showed the defendant unlikely to become rehabilitated, and the judge subsequently attempted to order consecutive sentences. We reversed that consecutive order on the grounds that the trial court had already pronounced sentence, even though the judge at the same time stayed its execution. "The decisive act by the trial court which will determine whether the

sentences shall be concurrent or consecutive occurs at the time of the imposition of sentence." *In re Shriner,* at 544. Thus, this court held that "pronouncing" in subsection (2) of RCW 9.92.080 meant the time the sentence was imposed, and not when it was executed.

However, to give the words such an interpretation in this case would defeat the overall purpose of this statute. RCW 9.92.080(1) mandates consecutive sentences when a convicted felon commits another crime "while under sentence of felony . . ." However, the Legislature specifically carved out an exception to this mandatory consecutive sentencing for persons on probation, and these persons were subject to subsection (3) of RCW 9.92.080. Under this subsection, these persons could receive either concurrent or consecutive sentences, although the Legislature did express a preference for consecutive sentencing. Nevertheless, the concurrent/consecutive question was left to sound judicial discretion. *State v. Lunstrum,* 19 Wn. App. 597, 599, 576 P.2d 453 (1978).

We would frustrate the legislative intent if we required the second judge to decide whether the sentence he imposed would run concurrently or consecutively to the previous sentence which an earlier judge had suspended. The second judge, in essence, would have to order that his executed sentence would run concurrently to any other sentences imposed, but not yet executed, should that sentence be subject to an order revoking the order suspending execution thereof. Such an order is so impractical and awkward that we doubt whether the second judge could ever frame such an order. *See State v. Mastrilli,* 62 Or. App. 464, 661 P.2d 124 (1983).

Therefore, we hold that the Division Three ruling in *State v. Lopez, supra,* is correct, and the first judge, when revoking the probation, should decide whether the first sentence should run concurrently or consecutively with the second sentence. While silence on the part of the first judge would mean, pursuant to RCW 9.92.080(3), that the sentences would run consecutively, the express order of the

judge that the sentences be served concurrently would control.

■ Therefore, these petitioners should have received concurrent sentences because of the express order of the first judge when revoking the probation. The Parole Board erred in setting the terms of the minimum sentences consecutively, and should alter these prison terms accordingly. We are distressed at the Parole Board's action in these cases because regardless of the Parole Board's view of the law regarding concurrent/consecutive sentencing, the Parole Board was confronted with a valid superior court order requiring concurrent sentences. If the Parole Board believed these sentences legally incorrect, the proper remedy was for the Parole Board to return defendants to superior court for resentencing. *Brooks v. Rhay,* 92 Wn.2d 876, 602 P.2d 356 (1979); *In re Phelan,* 97 Wn.2d 590, 596, 647 P.2d 1026 (1982). The Parole Board's attempts "to correct" improper sentences usurped the judicial role of the first sentencing judge and in this instance, almost erroneously required defendants to serve longer prison terms than were ordered by courts of law.

## CONCLUSION

As in all three cases, the first judge provided for concurrent sentences in the revocation of the superseded sentence order, the Parole Board should carry out the valid court orders.

DOLLIVER, C.J., and UTTER, BRACHTENBACH, PEARSON, CALLOW, GOODLOE, and DURHAM, JJ., concur.

ANDERSEN, J., concurs in the result.

Reconsideration denied March 25, 1986.