[No. 53748-8. En Banc. March 3, 1988.]

*In the Matter of the Personal Restraint of*
JACK E. IRWIN, JR., *Petitioner.*

*Jack E. Irwin, Jr.,* pro se, *Smith, Midgley & Pumplin, P.S.,* and *John Midgley,* for petitioner.

*Kenneth O. Eikenberry, Attorney General,* and *Mickey Brock* and *Ann E. Salay, Assistants,* for respondent.

ANDERSEN, J.—

## FACTS OF CASE

This case involves the Sentencing Reform Act of 1981 (SRA)[1] and the extent of its applicability to crimes committed before the July 1, 1984 effective date of the act.[2]

The record in this case establishes that the petitioner was a Whatcom County drug dealer at the time he was convicted of four felony drug offenses.[3] By personal restraint petition, he now challenges the legality of his minimum sentences set by the Indeterminate Sentencing Review Board. He also challenges the Board's determination that the minimum sentences on his four convictions run consecutively.

In 1983, prior to the petitioner appearing before the Superior Court for sentencing, the Whatcom County Prosecuting Attorney filed a detailed presentence report with the court.[4] In it, he described petitioner as a principal in "an extremely large scale drug operation that existed for a long period of time."[5] The prosecutor also advised the court that the operation was one "in which the defendants made very large profits from the delivery and sale of controlled substances."[6]

As the prosecutor further advised the court:[7]

---

[1]RCW 9.94A; *see* RCW 9.94A.020.

[2]RCW 9.94A.905.

[3]Two counts of Unlawful Delivery of a Controlled Substance (RCW 69.50-.401(a)); one count of Unlawful Possession of a Controlled Substance with Intent to Deliver (RCW 69.50.401(a)); and one count of Conspiracy to Deliver a Controlled Substance (RCW 69.50.401(a); RCW 69.50.407).

[4]*See* RCW 9.95.031.

[5]Prosecutor's Post Conviction Statement, at 21.

[6]Prosecutor's Post Conviction Statement, at 21.

[7]Prosecutor's Post Conviction Statement, at 21.

This was a sophisticated operation in that the defendants had equipped themselves with weapons, with dogs that would guard their premises, a police scanner, and a "big ear" listening device to protect their operation. We were also able to determine that they had the capability of determining the registered owners of vehicles that passed their residence and appeared to them to be suspicious or involved in any law enforcement activity.

The weapons, as he also noted, included a sawed–off shotgun and a sawed–off, semi–automatic rifle with a banana clip.

The Superior Court evidently agreed with the prosecutor's assessment of the seriousness of petitioner's criminal activities. It fined petitioner $100,000 and sentenced him to four prison terms of 10 years each, to be served consecutively. The trial court also recommended a 5–year minimum term for each offense.

It was following this sentencing that the SRA became effective. In due course, minimum terms on petitioner's four convictions were ultimately set by the Board at 30, 30, 30 and 26 months and the Board determined that they be served consecutively. It is these determinations which petitioner challenges by his personal restraint petition herein.

Petitioner's petition was dismissed by the Court of Appeals and by the commissioner of this court. When it was brought before this court on motion to modify the commissioner's ruling, however, we entered an order granting the motion[8] and granted discretionary review limited to the following issue.[9]

### ISSUE

Where a trial court sentences a defendant to four terms of imprisonment to be served consecutively, and the Indeterminate Sentencing Review Board recomputes the defendant's minimum terms in accordance with RCW 9.95-.009(2): (a) should the Board compute the sentence range

---

[8]Supreme Court Order dated September 2, 1987.

[9]Supreme Court Clerk's letter dated October 6, 1987.

for each current offense by using all other current offenses as if they were prior convictions, as required by RCW 9.94A.400(1)(a); and (b) if so, should or can the Board give effect to the proviso of this statute requiring sentences so computed to run concurrently?

## DECISION

CONCLUSION. The "issue" as stated by this court is really two issues. We answer them as follows. (a) The Indeterminate Sentencing Review Board correctly computed the petitioner's sentence range for each of his four current offenses by using all other current offenses as if they were prior convictions. (b) The Board had the discretion in this case to determine whether the terms were to run concurrently or consecutively. It did not abuse its discretion when, under the facts, it determined that petitioner's four minimum sentences should run consecutively rather than concurrently. In determining whether minimum sentences should run consecutively rather than concurrently, however, the Board is required to give adequate written reasons for so doing and, since it did not provide such reasons, the case must be remanded to the Board for that purpose.

Some background is required in order to put the issues before us in perspective.

Petitioner was convicted and sentenced prior to the July 1, 1984 effective date of the SRA.[10]

That act changed the criminal sentencing system in this state from a rehabilitation–oriented indeterminate system to what one commentator has described as a "just deserts" determinative system in which "'[p]unishment is the paramount purpose.'"[11] The act also provided that from July 1, 1986 on, the former Board of Prison Terms and Paroles would be redesignated the Indeterminate Sentencing

[10]RCW 9.94A. *See* RCW 9.94A.905.

[11]D. Boerner, *Sentencing in Washington* § 2.5(a), at 2–31 (1985).

Review Board.[12] It is this latter agency that we herein refer to as the "Board".

The SRA did not specifically apply the new sentence ranges retroactively to pre–act offenses, such as petitioner's, but charged the Board to consider the ranges and standards and to "attempt to make decisions reasonably consistent with those ranges and standards."[13] Then in *In re Myers*, 105 Wn.2d 257, 268, 714 P.2d 303 (1986), we held that in cases involving pre–SRA offenders convicted and sentenced after the SRA became effective, "[t]he Legislature intended that the Board consider and impose sentences reasonably consistent with the SRA."

Following *Myers*, the 1986 Legislature amended the SRA to further charge the Board with also considering the minimum term recommendations of the sentencing judge and prosecuting attorney in pre–SRA cases as well as the different charging and disposition practices under the former indeterminate sentencing system.[14] Following that, we held in *Addleman v. Board of Prison Terms & Paroles*, 107 Wn.2d 503, 511, 730 P.2d 1327 (1986) that in cases involving all pre–SRA offenders, including those convicted and sentenced before the SRA became effective, "[t]he Board is required to consider the purposes, standards and ranges of the SRA and make decisions reasonably consistent with them."

Turning, then, to the case before us, the Board in setting petitioner's minimum sentences calculated his offender score at 3 using his other three current convictions as criminal history. Thus the SRA presumptive sentence range for each of his first three counts was 26 to 34 months and for the fourth count 20 to 26 months. The Board then set three of petitioner's minimum terms at the midpoint of each presumptive sentence range, that is, at 30, 30, and 30 months,

---

[12]RCW 9.95.009(1).

[13]Laws of 1981, ch. 137, § 24, p. 531; *see* RCW 9.95.009(2).

[14]Laws of 1986, ch. 224, § 6, p. 728; *see* RCW 9.95.009(2).

and the fourth at the top of the presumptive sentence range. This was in conformity with the general mandate of the SRA that "whenever a person is to be sentenced for two or more current offenses, the sentence range for each current offense shall be determined by using all other current and prior convictions as if they were prior convictions for the purpose of the offender score . . ." RCW 9.94A-.400(1)(a) (part).[15] There was no error in this regard.

We turn next to the matter of the consecutive sentences. The Board also provided that petitioner's four terms were to be served consecutively, for a total of 116 months' time to be served.

Petitioner argues that counting the other current convictions as criminal history for purposes of determining the offender score, and then requiring him to serve his minimum sentences consecutively constitutes "double counting" and is, therefore, improper. The only direct authority for this is his argument that the "Model Sentencing and Corrections Act", section 3–107 prohibits that. In this regard, section 3–107(a) of that act provides that "sentences shall run concurrently if . . . (2) one of the acts constituting a separate offense is taken into account to enhance a sentence on the other offense." Uniform Law Commissioners' Model Sentencing and Corrections Act § 3–107(a)(2), 10 U.L.A. 59 (Special Pamphlet 1985). That argument fails, however, because our Legislature did not adopt this uniform act and the SRA, which it did enact, does not contain a comparable provision. To the contrary, the SRA in its present form authorizes sentencing judges to order sentences on multiple

---

[15]"Except as provided in (b) of this subsection, whenever a person is to be sentenced for two or more current offenses, the sentence range for each current offense shall be determined by using all other current and prior convictions as if they were prior convictions for the purpose of the offender score: *Provided,* That if the court enters a finding that some or all of the current offenses encompass the same criminal conduct then those current offenses shall be counted as one crime. Sentences imposed under this subsection shall be served concurrently." RCW 9.94A.400(1)(a) (part).

offenses to be served consecutively.[16] It allows this by way of an exceptional sentence upon proper showing and findings.

The SRA did not repeal the pre–SRA sentencing statutes; these continue to apply to pre–SRA offenses. Insofar as the concurrent/consecutive sentence issue is concerned, the pre–SRA statutes include RCW 9.92.080 which empowers the trial court to make a determination as to whether certain sentences should run concurrently or consecutively.[17]

On the other hand, as discussed above, the SRA "transitional statute" (RCW 9.95.009), in its present form, also requires that

> After July 1, 1984, the board shall continue its functions with respect to persons convicted of crimes committed prior to July 1, 1984, and committed to the department of corrections. When making decisions on duration of confinement, and parole release under RCW 9.95.100 and 9.95.110, the board shall consider the purposes, standards, and sentencing ranges adopted pursuant to RCW 9.94A.040 and the minimum term recommendations of the sentencing judge and prosecuting attorney, and shall attempt to make decisions reasonably consistent with those ranges, standards, purposes, and recommendations: *Provided,* That the board and its successors shall give adequate written reasons whenever a minimum term or parole release decisions [*sic*] is made which is outside the sentencing ranges adopted pursuant to RCW 9.94A.040. In making such decisions, the board and its successors shall consider the different charging and disposition practices under the indeterminate sentencing system.

RCW 9.95.009(2).

 Pursuant to the provisions of this transitional statute, the Board had the discretion to determine whether

---

[16]For example, RCW 9.94A.400(1)(a) (part) states: "Consecutive sentences may only be imposed under the exceptional sentence provisions of RCW 9.94A-.120 and 9.94A.390(2)(e) or any other provisions of RCW 9.94A.390."

[17]*See* RCW 9.92.080(3).

petitioner, as a pre–SRA offender in this case, should serve concurrent or consecutive sentences. In this case, the circumstances are such that the Board virtually had the duty to require petitioner to serve his sentences consecutively. Both the sentencing judge and the prosecuting attorney so recommended and, obviously, their recommendations continue to be entitled to great weight by the Board.[18] Under the SRA, petitioner's multiple offenses were also of the type justifying imposition of consecutive sentences under the exceptional sentence provisions of that act[19] in that they were major violations of the Uniform Controlled Substances Act (RCW 69.50) related to trafficking in controlled substances.[20] In this regard, however, the Board in imposing consecutive rather than concurrent sentences should comply with the provision of the foregoing transitional statute requiring that it "give adequate written reasons" for its decision.

It appears that in this case, the Board did not exercise any discretion whatsoever in the matter, but automatically set petitioner's multiple sentences to run consecutively in accordance with a Board rule that had the effect of virtually so mandating.[21] Accordingly, the case must be remanded to the Board to exercise its discretion in determining whether concurrent or consecutive sentences should

---

[18]*See In re Shriner,* 95 Wn.2d 541, 627 P.2d 99 (1981); *In re Chapman,* 105 Wn.2d 211, 713 P.2d 106 (1986). It should be observed that *Shriner* was a pre–SRA case. Although *Chapman* was decided after the SRA, the effect of the SRA transitional statute (*see* RCW 9.95.009(2)) was not in issue. In neither of those cases, unlike the present one, did the trial judge, in pronouncing sentence, sentence the defendant to serve consecutive terms.

[19]*See* RCW 9.94A.400(1)(a).

[20]RCW 9.94A.390(2)(d). *See particularly* RCW 9.94A.390(2)(d) (subsections (i) and (v)).

[21]Board Rule 2.140 provides: "CONCURRENT/CONSECUTIVE SENTENCES The Board shall observe RCW 9.92.080 and *In re Chapman* (105 Wn.2d 211 (1986)) in fixing concurrent or consecutive sentence in cases where there are multiple convictions." State Register 87–14–013 (1987).

be served and, if it again determines that they be served consecutively, then to state its written reasons for so doing.

"The mandate for reasonably consistent decisions does not superimpose exactly the SRA upon the prior system."[22] Pursuant to this principle, we conclude that in the above fashion, the legislative intent that Board decisions in pre–SRA cases be *reasonably consistent* with the SRA will best be effectuated in making decisions as to whether multiple sentences should be served concurrently or consecutively.[23]

Remanded to the Board with instructions.

PEARSON, C.J., and UTTER, BRACHTENBACH, DOLLIVER, DORE, CALLOW, GOODLOE, and DURHAM, JJ., concur.

---

[22]*Addleman v. Board of Prison Terms and Paroles,* 107 Wn.2d 503, 511, 730 P.2d 1327 (1986).

[23]RCW 9.95.009(2); *In re Myers,* 105 Wn.2d 257, 268, 714 P.2d 303 (1986); *Addleman,* at 511.