[No. 22622–3–I.   Division One.   December 3, 1990.]

*In the Matter of the Personal Restraint of*
Luis Vega, *Petitioner.*

*Luis Vega,* pro se, and *Dawn K. Monroe* of *Washington Appellate Defender Association,* for petitioner.

*Kenneth O. Eikenberry, Attorney General,* and *Aaron K. Owada* and *Thornton Wilson, Assistants,* for respondent.

WINSOR, J.—Luis Vega seeks relief from a minimum term imposed by the Indeterminate Sentence Review Board (Board). We vacate the term imposed and remand for redetermination.

While he was incarcerated on a conviction for first degree robbery, Vega and two fellow inmates assaulted a fourth inmate. The assault occurred on November 13, 1978. The matter was referred to the Snohomish County Prosecutor, who charged Vega with first degree assault. Vega ultimately pleaded guilty to second degree assault and the Board of Prison Terms and Paroles imposed a 7½–year minimum term.

The indeterminate sentencing system under which Vega was sentenced was replaced by the Sentencing Reform Act of 1981 (SRA).[1] The Board then began redetermining minimum terms imposed under the former system in accord with the purposes, standards and ranges of the SRA. RCW 9.95.009(2); *In re Irwin,* 110 Wn.2d 175, 179, 751 P.2d 289 (1988); *Addleman·v. Board of Prison Terms & Paroles,* 107 Wn.2d 503, 511, 730 P.2d 1327 (1986). Although the Board can set a minimum term outside SRA guidelines, it must give "adequate written reasons" supporting its decision to do so. RCW 9.95.009(2).

Vega's original 7½–year minimum term was redetermined on March 10, 1987. In its decision, the Board acknowledged that under SRA guidelines, the minimum term for Vega's assault was 13 to 17 months. Nevertheless, the Board imposed a 34–month minimum term, reasoning that Vega's offense

---

[1]RCW Title 9.94A; *see* RCW 9.94A.020.

is aggravated by the extent that the assault occurred within the institution while [Vega] was serving time for another felony act, that this type of behavior tends to seriously disrupt the orderly operation of the institution and warrants an exceptional sentence.

## REAL FACTS DOCTRINE

■ Vega first contends that the Board's reason for imposing an exceptional minimum term is invalid because it relies on facts that establish the elements of the additional, uncharged crime of prison riot.[2] Ordinarily, the SRA prohibits reliance on such facts pursuant to the real facts doctrine codified at RCW 9.94A.370(2). However, the real facts doctrine does not apply to post–SRA sentencings on pre–SRA convictions. *State v. Shephard,* 53 Wn. App. 194, 197–98, 766 P.2d 467 (1988); *In re George,* 52 Wn. App. 135, 139–47, 758 P.2d 13 (1988). This is because

[t]he pre– and post–SRA sentencing systems are fundamentally different. Under the SRA, only offenses charged and proven can be used to determine the term of incarceration. RCW 9.94A.370; *State v. McAlpin,* 108 Wn.2d 458, 466, 740 P.2d 824 (1987). Under pre–SRA practices, however, defendants often entered into plea agreements in which it was understood the sentencing authority would consider surrounding circumstances and uncharged acts in setting a term of incarceration.

*George,* 52 Wn. App. at 143; *accord, Shephard,* 53 Wn. App. at 197–98. Thus, applying the real facts doctrine to a pre–SRA defendant who pleaded to a reduced charge might result in an unfairly lenient sentence when contrasted with the sentence of a post–SRA defendant who committed identical acts. *Cf. George,* 52 Wn. App. at 145.

Pursuant to *George* and *Shephard,* we reject Vega's contention that the real facts doctrine invalidates his minimum term.

---

[2]The crime of prison riot is codified at RCW 9.94.010, which provides:

"Whenever two or more inmates of a state penal institution assemble for any purpose, and act in such a manner as to disturb the good order of such institution and contrary to the commands of the officers of such institution, by the use of force or violence, or the threat thereof, and whether acting in concert or not, they shall be guilty of prison riot."

FACTUAL SUPPORT FOR EXCEPTIONAL MINIMUM TERM

Vega alternatively contends that no facts in the record support the Board's reason for imposing an exceptional minimum term: that an assault committed within a prison "tends to seriously disrupt the orderly operation of the institution". Under the rule that a reason not supported by the record cannot be grounds for an exceptional sentence, RCW 9.94A.210(4), Vega argues that his minimum term must be vacated. We agree.

The record originally filed in this court consists of charging and sentencing documents, the assault judgment, orders filed by this court, documents relating to the disciplinary proceeding resulting from Vega's assault, and the State's presentence report filed in conjunction with another judgment against Vega. After Vega's petition was accepted for review by a panel of this court, the State filed an affidavit by George Johnson, one of two Board members who participated in the redetermination of Vega's minimum term. Johnson's affidavit was prepared almost 2 years after the redetermination at issue.

Johnson's affidavit is the only record evidence that even arguably supports the Board's reason for giving Vega an exceptional minimum term. It states in relevant part:

> [My] personal observations and experience lead me to conclude that life within prison can be an extremely volatile environment. . . . Tensions among inmates can run high and the possibility for violence is always present. . . . It is not uncommon for inmate retaliation to occur after an inmate has been assaulted by another inmate.
>
> . . . .
>
> In my mind, the violent nature of the assault . . . that Mr. Vega engaged in created a dangerous situation within the Reformatory. In my opinion, Mr. Vega's behavior is tantamount to playing with matches in a tinder box. The impact of Mr. Vega's assault within a prison is much more significant because such assault can lead to further violence within the institution and seriously disrupts the orderly operation of the institution.

■ Johnson's affidavit is not properly before this court. Review of the reasons supporting an exceptional sentence is limited to the record that was before the sentencing

authority. RCW 9.94A.210(4)–(5); *cf. In re Whitesel,* 111 Wn.2d 621, 631, 763 P.2d 199 (1988) (due process requires inmate to be advised of adverse information in his or her file before the redetermination). Johnson's affidavit does not meet this requirement and we therefore do not consider it.[3]

▮ Even if we were to consider Johnson's affidavit, we would still find it insufficient to support Vega's exceptional minimum term. The affidavit speaks only to Johnson's reasoning; it tells us nothing about whether the other Board member who participated in the redetermination concurred with that reasoning. Moreover, Johnson's affidavit consists of unsupported opinions and conclusions, rather than evidentiary facts. It therefore cannot support an exceptional minimum term. *Cf.* RCW 9.94A.370(2) ("facts" upon which exceptional sentence based must be undisputed or determined by an evidentiary hearing); *State v. Wood,* 42 Wn. App. 78, 83, 709 P.2d 1209 (1985) (sentencing court cannot rely on disputed "facts"), *review denied,* 105 Wn.2d 1010 (1986).

### ADEQUACY OF BOARD'S REASON

▮ Finally, even if we were to treat Johnson's affidavit as admissible and sufficient, we would still vacate Vega's minimum term because the Board's reason for imposing Vega's exceptional minimum term is improper. The reason relates only to the *possible* effect of prison violence, *i.e.,* the *tendency* of in–prison altercations to disrupt operations and lead to further violence.[4] The reason is therefore so broad that it encompasses any assault occurring within a prison. Such broad application violates the rule that "[a]n

---

[3]We decline to treat the information contained in the affidavit as setting forth facts "judicially noticed" at the redetermination. We are not satisfied that the information in Johnson's affidavit meets the requirements of ER 201(b).

[4]Nothing in the record indicates that the assault committed by Vega did in fact disrupt, or even tend to disrupt, prison operations, or that it led to further violence.

exceptional sentence is appropriate only when the circumstances of the crime distinguish it from other crimes of the same statutory category." *State v. Pennington,* 112 Wn.2d 606, 610, 772 P.2d 1009 (1989) (holding that a defendant's drug problem is not grounds for an exceptional sentence). It also violates our Supreme Court's admonition that a decision not to conform a redetermined minimum term to terms presumed under the SRA should be the exception, not the rule. *Addleman,* 107 Wn.2d at 511.

Vega's existing minimum term is vacated and the matter is remanded for redetermination.

GROSSE, A.C.J., and PEKELIS, J., concur.

After modification, further reconsideration denied January 11, 1991.